UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA, | No. 2:17-cv-0784 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a March 31, 2016 rules violation hearing at which, he alleges, he was not permitted to introduce evidence in violation of his due process rights. Petitioner's petition is before the court for screening. Petitioner has paid the filing fee.

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order respondent to respond to the petition. Rule 5, Rules Governing § 2254 Cases.

Petitioner asserts one claim. He argues that the prison violated his due process rights by refusing to permit him to introduce evidence at a rules violation hearing for possessing alcohol. Petitioner sought to introduce two jars, and their contents, which he contends would show that the

1

alcohol belonged to his cellmate. As a result of the guilt finding at the hearing, petitioner was assessed 91 days loss of behavioral credits, 30 days loss of yard privileges, and 90 days suspension of pay from paid work. He was also required to attend Alcoholics Anonymous meetings. (Ex. B to Pet. (Ex. 1 at 17).) For relief, petitioner seeks a new hearing at which he is permitted to introduce the jars as evidence. (Pet. (ECF No. 1) at 6.)

For the reasons set forth below, the court finds petitioner's claim is not cognizable on habeas corpus. Petitioner will be permitted to convert this action to a civil rights action under 42 U.S.C. § 1983.

## LEGAL STANDARDS FOR HABEAS JURISDICTION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Nettles, the Ninth Circuit recently addressed the issue of whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction when it will not necessarily impact the fact or duration of an inmate's confinement. The Ninth Circuit held that if success on the merits of a petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, his claim would not fall within "the core of habeas corpus," and that, unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Nettles v. Grounds, 830 F.3d 922, 934–35 (9th Cir. 2016) (en banc).

The court in Nettles reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. This is "[b]ecause the parole board has the authority to deny parole on the basis of any grounds presently available to it, [so] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. at 935 (internal quotation marks and citation omitted).

////

2

**ANALYSIS**

Petitioner in the present case is serving a life sentence. (See Pet. (ECF No. 1) at 8.) The impact of the loss of behavioral credits on his sentence is as speculative as it was for petitioner Nettles because it will depend on the parole board's discretion. Further, petitioner here seeks only an injunction requiring the prison to provide him a new hearing. Success on his claim will not necessarily result in speedier release. Challenges to prison procedures for depriving prisoners of good-time credits, which seek "damages or a prospective injunction – claims which would not necessarily lead to an earlier release" should be brought in a § 1983 action. Nettles, 830 F.3d at 928 (citing Wolff v. McDonnell, 418 U.S. 539, 554 (1974).) Accordingly, this court lacks jurisdiction over petitioner's claim.

**CONCLUSION**

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. Nettles, 2016 WL 4072465, *10. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition and pay the small fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, the court will give petitioner an opportunity to amend to assert a claim under 42 U.S.C. § 1983 if he chooses.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The petition is dismissed without prejudice. Petitioner may amend his pleading and present his due process claim in a civil rights complaint pursuant to 42 U.S.C. § 1983,

3

rather than a habeas petition. The Clerk of Court shall send petitioner a blank civil rights complaint form along with a copy of this order.

2. Should petitioner choose to amend and present this claim in a civil rights action, he must file a civil rights complaint within thirty days of the filed date of this order. Petitioner must make the complaint a stand-alone pleading. The court cannot refer to petitioner's dismissed habeas petition in order to make the complaint complete. Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading.

3. While petitioner has paid the minimal habeas filing fee, he also filed a motion to proceed in forma pauperis. The court will reserve ruling on that motion. If petitioner chooses to amend to assert a due process claim under 42 U.S. § 1983, the court will consider the motion to proceed in forma pauperis at that time.

4. If petitioner chooses not to amend to assert his due process claim under 42 U.S.C. § 1983, he should file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1).

5. Petitioner's failure to file a complaint or otherwise respond to this order will result in a recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

DATED: September 20, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/rent0784.scrn